## EVARISTE BLANC *v.* THOMAS BANKS.

One discharged as a bankrupt under the act of Congress of 19 August, 1841, who subsequently promises to pay a debt from which he was released by the bankrupt proceedings, will be liable on his promise.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. *Lockett* and *Micou,* for the plaintiff.

*Cohen,* for the appellant.

MARTIN, J. The defendant is appellant from a judgment which the plaintiff has recovered for a quantity of bricks and sand delivered to him. The claim was resisted on the plea that the defendant had been discharged of all his debts as a certificated bankrupt, by the District Court of the United States. The plaintiff, however, has contended, that part of the bricks and sand were delivered while the proceedings in bankruptcy were going on and since.

The first judge was of opinion that the defendant has, since he obtained his certificate, promised to pay the debt, and that although the evidence of such a promise ought to be received with great caution, as it appears that part of the brick and sand

only was delivered before the beginning 'of the proceedings in bankruptcy, and the plaintiff's claim therefor does not appear to have been put on the defendant's *bilan*, the presumption is very strong that he meant not to avail himself of the bankruptcy to avoid the payment for the bricks and sand delivered, while his intention was to continue to be furnished with these articles by the plaintiff, and the promise to pay was repeated a second time at some interval from the first, and both made after the certificate was obtained.

It is true, the promise to pay was accompanied with a declaration that he had no money then, but would pay as soon as he had some. It was urged, that there was no evidence of the defendant having obtained money since. But the judge was of opinion that the expression used by the defendant did not make his promise to pay depend on his ability, but amounted only to the usual *put-off*, used by debtors every day. This, perhaps, would be incorrect, if the sum promised to be paid was not due for bricks and sand received partly by the defendant after his discharge.

*Judgment affirmed.*